IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| LARONDA PHOX, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-00437-CV-W-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| MOTOR BANC OF LIBERTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This case arises from Plaintiff Laronda Phox's allegations that Defendants Verlin Boes, JoAnn Boes, Michael Boes, Motor Banc of Liberty, and Giovanna LLC d/b/a America's Cash Advance illegally repossessed her vehicle as part of a larger pattern of racketeering punishable under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendants have filed a motion to dismiss the federal RICO claim for failure to state a claim upon which relief can be granted (Docs 60-69). Additionally, Defendants seek to have the remaining state law claims dismissed for lack of subject matter jurisdiction. Plaintiff opposes the motion as to all Defendants (Docs. 82-86). Defendants collectively filed "Reply Suggestions to Plaintiff's 'Response' to each Defendant's Motion to Dismiss" (Doc. 87).

The Court finds that Plaintiff has failed to properly allege a civil RICO claim. Furthermore, this Court declines to exercise supplemental jurisdiction over the remaining state law claims. Accordingly, Defendants' motion is GRANTED and all Plaintiff's remaining state law claims are DISMISSED WITHOUT PREJUDICE against all Defendants.

## Factual Background[1]

In December 2009, Laronda Phox arranged financing for the purchase of a 2001 Mitsubishi Montero from Defendant Motor Banc owned by Defendant JoAnn Boes. Plaintiff alleges that during the loan application and repossession processes, Defendant committed various illegal acts that provide the basis for her RICO claim, and that in April 2010, Defendants wrongfully repossessed her vehicle, providing the basis for her state law claims.

According to Plaintiff, Motor Banc employee, Michael Boes, arranged the sale and loan agreement. Although Plaintiff maintains that the law requires a notary to witness a buyer's signature on vehicle purchase paperwork, Plaintiff alleges that she signed the paperwork to purchase the 2001 Montero without a notary present because Defendants' notary, JoAnn Boes, was not available. Plaintiff also maintains that Defendants later altered the paperwork to comply with the notary requirement before providing it to the Missouri Department of Motor Vehicles. According to Plaintiff, Defendants did not retain or provide copies of the signed paperwork to her.

After the sale transaction was completed, Plaintiff alleges continuing misconduct on behalf of Defendants. Specifically, Plaintiff maintains that Defendants altered the mileage on the odometer. Plaintiff also maintains that Defendants refused to provide receipt or account information to her.

In April 2010, although Plaintiff maintains that she made all payments in a timely manner, Defendants repossessed and sold the vehicle. Plaintiff maintains that Defendants were contractually required to make a "courtesy call" notifying Plaintiff of the amount due, but never did so. Further, Plaintiff alleges Defendants did not send a notice to cure prior to repossession. Plaintiff also maintains that Defendants failed to notify her of the date or time of the vehicle sale.

---

[1] The "Statement of Facts" is drawn heavily from Plaintiff's First Amended Complaint (Doc. 25).

During the period between repossession and foreclosure, Plaintiff maintains she contacted Defendants regarding the repossession of her vehicle. In response, Plaintiff alleges that Defendant Verlin Boles sent her a letter falsely stating that the business was no longer in operation. Plaintiff also maintains that when her past attorney contacted Defendant Michael Boes, Defendant called her a "crackhead."

## Standard

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible if its "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1940 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008). In reviewing a motion to dismiss, the court assumes the facts alleged in the complaint are true and draws all reasonable inferences from those facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

The factual basis of a RICO claim must be plead with particularity under the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. "In other words, Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011).

## Discussion

### I.   Plaintiff fails to plead sufficient facts to establish a civil RICO claim.

Defendants argue that Plaintiff has failed to plead a RICO claim with any specificity. Specifically, Defendants state that Plaintiff has not adequately alleged two predicate acts for each Defendant as required for a RICO claim; instead, Defendants contend that Plaintiff has provided a bare recitation of the elements.

A RICO claim is established under 18 U.S.C. § 1962(c), which makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." To establish criminal liability for a RICO claim, a plaintiff must show "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *United Healthcare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 571 (8th Cir. 1996). Specifically, "each defendant must have engaged in a pattern of racketeering activity, evidenced by the commission of at least two predicate acts." *Pulphus v. Sullivan*, No. 02-C-5794, 2003 WL 1964333, at *9 (N.D. Ill. Apr. 28, 2003)).

For a civil claim, a plaintiff must not only prove the elements for defendant's criminal violation but must also show that plaintiff sustained an injury caused by the defendant's RICO violation. *Fogie v. Thorn Americas Inc.*, 190 F.3d 889, 894 (8th Cir. 1999). The Eighth Circuit has "rejected attempts to turn ordinary civil disputes into RICO cases." *Craig Outdoor Adver., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1029 (8th Cir. 2008) (finding a RICO claim may fail although there is sufficient evidence to support a state law violation).

4

Although Plaintiff pleads facts for her various state law claims, Plaintiff has failed to allege two predicate acts for each Defendant to serve as a basis for her RICO claim. In her complaint, for example, Plaintiff recites the crimes that may qualify as predicate acts for a RICO claim under the statute.

> The Plaintiff believes the material facts of this case [involve all 3 of] the Defendants with Racketeering activity under federal law (RICO) that includes a number of criminal offenses with Motor Banc of Liberty and Giovanna LLC d/b/a America's Cash Advance, described below.
> The Plaintiff believes [2 or] more of the following crimes have been committed in a 10-year period by the following named Defendant's as Verlin, Joann and Michael Boes, and believes these crimes were done with the same purpose and/or effect in a way that effects the interstate commerce and how the Defendants can and should be charged with racketeering.
>     a.    Racketeering activity under federal law includes a number of criminal offenses,
>     b.    Fraud relating to identification documents
>     c.    financial institution fraud;
>     d.    obstruction of state investigation
>     e.    interference with commerce,
>     f.    interstate transportation in aid of racketeering
>     g.    Money Laundering
>     h.    monetary transactions in property derived from unlawful activities;
>     i.    Interstate transportation of stolen motor vehicles;
>     j.    Interstate transportation of stolen property;
>     k.    sale of stolen goods;
>     l.    trafficking in motor vehicles and parts
>     m.    financial institution fraud

Plaintiff's Second Amended Complaint (Doc. 30). However, Plaintiff does not support this bare recitation of the elements with any factual basis. Plaintiff does not identify what actions Defendants committed or what category these actions fall within. Thus, Plaintiff has failed to sufficiently plead the predicate acts required for a RICO claim.

Additionally, Plaintiff has failed to plead a sufficient factual basis for the remaining elements of a RICO violation. Plaintiff's only factual addition to the statutory elements is the

5

Defendants' names. Although a detailed factual basis is not required, Plaintiff's conclusory allegations do not satisfy the pleading requirements. Accordingly, Defendants' motions to dismiss Plaintiff's RICO claims are GRANTED.

## II. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

Defendant argues that absent the RICO claim, all other state law claims should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Defendant states that although the Court is not required to dismiss the remaining claims, it should decline to exercise supplemental jurisdiction over them.

Generally, if a district court has original jurisdiction over a civil action, the court has supplemental jurisdiction over all claims that form part of the same case or controversy. 28 U.S.C. § 1367(a). A district court, however, "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Here, the Court had original jurisdiction over Plaintiff's RICO claim, which has now been dismissed. The only remaining claims are state law claims over which the Court has no diversity jurisdiction. Finding no reason why these claims cannot be adjudicated in state court, the Court declines to exercise supplemental jurisdiction. Therefore, all remaining state law claims as to all Defendants are DISMISSED WITHOUT PREJUDICE.

## Conclusion

Drawing all reasonable inferences in the Plaintiff's favor, Plaintiff has failed to plead a sufficient factual basis for a RICO claim. Defendants' 12(b)(6) motions to dismiss are therefore GRANTED and Plaintiff's RICO claims are DISMISSED as to all Defendants. Because this

Court declines to exercise supplemental jurisdiction over the remaining state law claims, they are DISMISSED, without prejudice, as to all Defendants.

**IT IS SO ORDERED.**

Dated: May 18, 2012  /s/ Greg Kays
GREG KAYS,
UNITED STATES DISTRICT JUDGE